## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 11-51536 |
| WALLACE L. LEWIS, JR., | § § | Chapter 11 |
| Debtor. | § § § | |

---

### MUNB LOAN HOLDING, LLC'S MOTION FOR RELIEF FROM STAY
### AND FOR STRICT APPLICATION OF 11 USC § 362(E)

---

MUNB Loan Holdings, LLC ("MUNB"), as successor-in-interest to Mellon United National Bank, by and through the undersigned counsel, and pursuant to 11 U.S.C. §362(d), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, hereby moves the Court for entry of an Order granting MUNB relief from the automatic stay and for a hearing not more than thirty (30) days from the date of the filing of this Motion. In support thereof, MUNB states as follows:

### PROCEDURAL BAKGROUND

1.     On May 3, 2011, MUNB filed a foreclosure action against Wallace L. Lewis, Jr. ("Debtor") in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "Foreclosure Action").

2.     On September 23, 2011, a Final Judgment of Foreclosure was entered in favor of MUNB in the Foreclosure Action, and an extended sale date was set for December 28, 2011 per agreement of the parties (the "Final Judgment"). A true and accurate copy of the Final Judgment is attached hereto and incorporated herein by reference as **Exhibit A**.

3.     On December 21, 2011, Debtor filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code (Title 11, United States Code).

4.      Unbeknownst to the parties, the state court had entered an Order on December 20, 2011, resetting the foreclosure sale to consider a post-judgment motion to intervene filed by Ross Wayland, who claimed an unperfected, junior mortgage lien interest in the Property. The new sale date was set for February 22, 2012.

## FACTUAL BACKGROUND

### *The Foreclosure Action*

5.      On or about May 24, 2006, Debtor and Mellon United National Bank entered into a loan agreement wherein Mellon United National Bank agreed to lend to Borrower the initial amount of $4 million, which was later increased to the principal amount of $11 million (the "Loan").

6.      The Loan was evidenced by a series of promissory notes, and secured by a first mortgage lien on the following unimproved real property:

> The West ½ of Section 36, Township 49 South, Range 26 East, Less and Except the land South of the Northerly Right of Way of Access Road No. 1, according to the Road Book 3, Page 8, of the Public Records of Collier County, Florida.

(the "Property").

7.      On November 17, 2009, Mellon United National Bank assigned the Loan (and all corresponding loan documents) to MUNB.

8.      Debtor defaulted under the terms of the Loan by failing to make payment of all unpaid principal and accrued interest when the Loan matured on June 30, 2010.

9.      As a result, MUNB filed the Foreclosure Action against Debtor and Marian Holly Lewis Gerace a/k/a Marian H. Lewis (Debtor's sister).

10.     Under Florida law, the foreclosure of a mortgage lien is done through judicial

process. A final judgment of foreclosure is, therefore, a conclusive adjudication of the validity of the mortgage lien and all matters properly determined in the foreclosure proceedings and precludes the mortgagor from asserting any defenses that should have been asserted during those proceedings.

11.    Along those lines, Florida law provides that when a mortgage is foreclosed the corresponding promissory note and mortgage merge into the final judgment of foreclosure, and thus, the loan documents lose their identity and are extinguished at the time the judgment is entered. *Whitehurst v. Camp*, 699 So. 2d 679, 682 (Fla. 1997); *JPMorgan Chase Bank, N.A. v. Hernandez*, No. 3D10-1099, __ So. 3d __, 2011 WL 2499641, at * 2 (Fla. Dist. Ct. App. June 22, 2011).

12.    Accordingly, the promissory notes and the mortgage evidencing and securing the Loan merged into the Final Judgment, and the Final Judgment now evidences MUNB's perfected first lien security interest in the Property.

***MUNB's Secured Claim***

13.    Pursuant to the Final Judgment, Debtor owed MUNB no less than $11,892,593.66, as of September 23, 2011, which indebtedness is accruing interest pursuant to section 55.03, Florida Statutes (2011), from the date of the Final Judgment through December 31, 2011 at 6% per annum (i.e., a *per diem* of $1,954.95), and from January 1, 2012 to the present at 4.75% per annum (i.e., a *per diem* of $1,543.44).[1]

14.    The Property was appraised by Armalavage & Associates, Inc. on April 15, 2011 at an "as is" market value of $8,000,000.00 (the "Appraisal"), and by the Collier County

---

[1] The daily rate for the September 23, 2011-December 31, 2011 and January 1, 2012-present time periods varies because 2012 is leap year, and thus, is calculated based on a 366-day calendar year.

Property Appraiser at a market value of $7,538,750.00. True and accurate copies of the Summary Page of the Appraisal and the 2011 Real Estate Tax Roll are attached hereto and incorporated herein by reference as **Exhibits E and F**, respectively.

15.     Furthermore, the Debtor lists the value of the Property as $8,000,000.00 on Schedule A of his bankruptcy schedules [Docket No. 14].

16.     Accordingly, Debtor has no equity in the Property based on the Appraisal, the Collier County tax assessor's value, or on *Schedule A* of Debtor's Bankruptcy Schedules.

## MEMORANDUM OF LAW

17.     MUNB is entitled to relief from the automatic stay because: (i) MUND's interest in the Property is not adequately protected, (ii) Debtor has no equity in the Property, and (iii) the Property is not necessary for an effective reorganization.

### MUNB Is Entitled To Relief From The Automatic Stay Under Section 362(d)(1) Of The Bankruptcy Code

18.     Pursuant to Section 362(d)(1) of the Bankruptcy Code, a creditor may seek stay relief for "cause." "Cause" is determined on a case-by-case basis, and a court must look at the totality of the circumstances present to determine whether cause for relief exists. *See In re Mack*, No. 6:06-cv-1782, 2007 WL 1222575, at *2 (M.D. Fla. Apr. 24, 2007). The lack of adequate protection of the creditor's interest in the property and the filing of a bankruptcy petition in bad faith will constitute "cause" for granting a creditor relief from the automatic stay. § 362(d)(1); *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *see also In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (noting that the failure to make mortgage payments is one of the best examples of 'lack of adequate protection' and constitutes "cause" for stay relief); *In re Freeman*, 446 B.R. 625, 633 (Bankr. S.D. Ga. 2010) (same).

19.     Here, MUNB's collateral for the Loan to Debtor consists of approximately 305 acres of unimproved land – with no tenants or lessees. Hence there is no income being generated by the Property. Furthermore, the current value of the Property is nearly $4 million less than MUNB's secured claim by Debtor's own admission, and that value is likely to decline further in the current Florida real estate market.

20.     Debtor has offered MUNB no adequate protection to offset the likely continued decline in the value of the Property. In fact, Debtor has not made a mortgage payment to MUNB since before the Loan matured more than a year and a half ago on June 30, 2010. And, given the various debts listed in his schedules, it appears unlikely that Debtor will be able to make any such payments or offer such adequate protection during the pendency of these proceedings.

21.     Finally, as noted above, the Property was originally set for judicial sale on December 28, 2011 by agreement of Debtor and MUNB.[2]    Notwithstanding the parties' agreement, Debtor filed this proceeding a week before the foreclosure sale – i.e., three months after the Final Judgment was entered. Debtor's motive in the last minute filing, as his counsel admits, was simply to stop the foreclosure sale of the Property.

22.     Accordingly, there is "cause" for the Court to grant MUNB relief from the automatic stay because there is a lack of adequate protection of MUNB's interest in the Property, and Debtor did not file this proceeding in good faith.

### MUNB Is Entitled To Relief From The Automatic Stay Under Section 362(d)(2) Of The Bankruptcy Code

23.     Pursuant to Section 362(d)(2) of the Bankruptcy Code, a party in interest may seek stay relief if the debtor does not have any equity in the subject property and such property is

---

[2] The 90-day extended sale date was for the stated purpose of allowing Debtor a reasonable time to sell the Property.

not necessary to an effective reorganization. Once the moving party makes a prima facie case

for relief (i.e., shows that there is no equity in the property), the burden of proof shifts to the

debtor to establish that it is entitled to the protections of the automatic stay. 11 U.S.C. § 362(g).

For property to be "necessary to an effective reorganization," it must be logically required for a

reorganization which has a reasonable possibility of success within a reasonable time period. *In*

*re Simmons*, 446 B.R. 646, 649 (Bankr. S.D. Ga. 2010) (citing *United Savs. Ass'n of Tex. v.*

*Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988)); *In re Del-A-Rae, Inc.*, 447 B.R.

915, 919 (Bankr. S.D. Ga. 2011); *see also In re Planned Systems, Inc.*, 78 B.R. 852, 866 (Bankr.

E.D. Ohio 1987) (noting speculation and a financial pipe dream are not sufficient to demonstrate

a reasonable possibility of a successful reorganization).

    24.    Here, the Appraisal obtained by MUNB concluded that the Property had an

estimated market value of $8,000,000, as of April 15, 2011. Consistent with the Appraisal, the

Collier County tax collector assessed the market value of the Property at $7,538,750.

Furthermore, the Debtor indicated in *Schedule A* of his bankruptcy schedules that the value of the

Property is $8,000,000. Thus Debtor has no equity in the Property, *see In re Prestwood*,

185 B.R. 358, 361 (Bankr. M.D. Ala. 1995), and the burden shifts to Debtor to show the Property

is necessary for an effective reorganization.

    25.    Again, the Property consists of undeveloped land which provides no stream of

income of any kind to Debtor, and thus, cannot generate sufficient income to service the

indebtedness. *See In re Simmons*, 446 B.R. at 649. Furthermore, the property is not necessary for

an effective reorganization since the Debtor intends to sell the Property. The Debtor proposes to

sell the property for double its appraised value and use the proceeds remaining after MUNB's

secured claim is paid to payoff his various creditors. Debtor's plan to sell the Property, however,

is *contingent upon* the Property being granted certain entitlements and being rezoned. Rezoning the Property could take a year or longer to occur. Additionally, there is no guaranty that Collier County will approve the request to rezone the Property. Moreover, Debtor has unsuccessfully attempted to sell the Property for more than two years.

26.    Accordingly, MUNB should not be made to wait for the Debtor to attempt to complete a contingent sale of the Property, while the Debtor languishes in bankruptcy with no reasonable possibility of reorganization.

## CONCLUSION

27.    Based on the foregoing, relief from the automatic stay is appropriate in this case under section 362(d)(1) because there is a lack of adequate protection of MUNB's interest in the Property, and Debtor did not file this proceeding in good faith. Relief from the automatic stay is also appropriate under section 362(d)(2) because Debtor has no equity in the Property, and the Property is not necessary for an effective reorganization.

WHEREFORE, MUNB requests that this Court enter an order granting it full and complete relief from the automatic stay of 11 U.S.C. § 362 to move forward with the foreclosure sale of the Property, waiving the 14-day stay of Bankruptcy Rule 4001(a)(3), and granting such further relief as may be just and proper.

This the 20th day of February, 2012.

Ashley S. Rusher, NCSB #14296
*Attorney for MUNB Loan Holding, LLC*

OF COUNSEL:

BLANCO TACKABERY
& MATAMOROS, P.A.
P. O. Drawer 25008

Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
E-mail: asr@blancolaw.com

## EXHIBIT A

**FINAL JUDGMENT**

5↑

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN
AND    FOR    COLLIER    COUNTY,
FLORIDA

GENERAL CIVIL DIVISION

CASE NO.: 2011-1406-CA

MUNB LOAN HOLDINGS, LLC, a
Foreign Limited Liability Company, as
successor in interest to Mellon United
National Bank,

Plaintiff,

vs.

WALLACE L. LEWIS, JR., individually,
and MARIAN HOLLY LEWIS GERACE
a/k/a Marian H. Lewis, individually,

Defendants.

_____/

Filed in Open Court
Date: 9-23-11
Dwight E. Brock, Clerk
By: J. Garrison, D.C.

## FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE came before this Court on September 23, 2011 on Plaintiff's Motion for
Entry of Final Judgment of Foreclosure. The Court having reviewed the pleadings on file,
having heard argument of counsel, and having been otherwise duly advised in the premises, it is
hereby

**ORDERED AND ADJUDGED** as follows:

1.    A Final Judgment of Foreclosure is hereby granted against Defendant, Wallace L.
Lewis, Jr. ("Borrower"), and all other defendants who claim a lien or other interest in the real
property, improvements, fixtures and other personal property, which are the subject of this
action, and which are located in Collier County, Florida (collectively, the "Subject Property").

2.    Service of process has been duly and regularly obtained over Borrower and
Defendant, Marian Holly Lewis Gerace.

18739121.1

3.     **Amounts Due.** There is now due and owing to Plaintiff, MUNB Loan Holdings, LLC, as successor-in-interest to Mellon United National Bank ("Lender" or "MUNB"), from Borrower, the following:

| | |
|---|---:|
| a. Principal due on the note secured by the mortgage foreclosed: | $10,171,401.92 |
| Total Accrued Interest: | $1,669,301.88 |
| Late fees | $27,303.85 |
| SUBTOTAL | $11,868,007.65 |
| Court costs | $4,567.01 |
| Attorney Fees | $20,019.00 |
| SUBTOTAL | $24,586.01 |
| **GRAND TOTAL** | **$11,892,593.66** |

4.     The Court finds, based upon the affidavits presented and upon inquiry of counsel for Plaintiff, that 7.1 hours at $470 per hour; 5.9 hours at $490 per hour; 23.3 hours at $265 per hour; 10.1 hours at $240 per hour; and 1.5 hours at $185 per hour were reasonably expended by Plaintiff's counsel and that the hourly rates set forth herein are appropriate.  PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE, IF ANY, WITH PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

5.     **Interest.** The grand total amount referenced in Paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest.

6.     **Lien on Property.** Plaintiff, whose address is One Wall Street, 11th Floor, New York, New York 10286, holds a lien for the grand total sum specified in Paragraph 3 herein. The lien of Plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of

them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. Plaintiff's lien encumbers the subject property located in Collier County, Florida and more particularly described as:

> The West ½ of Section 36, Township 49 South, Range 26 East, Less and Except the land South of the Northerly Right of Way of Access Road No. 1, according to Road Book 3, Page 8, of the Public Records of Collier County, Florida.

> Property address: Vacant.

7.    **Sale of Property**. If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on December 28, 2011, to the highest bidder for cash, except as prescribed in Paragraph 8, at:

> [ ] Collier County Courthouse Annex, 1st Floor, 3315 Tamiami Trail East, Naples, FL 34112, at 11:00 a.m.

8.    **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

9.    **Right of Redemption**. On filing of the Certificate of Sale, Borrower's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

10.    **Distribution of Proceeds**. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees;

fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 3 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

11.    **Right of Possession.** Upon filing of the Certificate of Title, Borrower and all persons claiming under or against Borrower since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

12.    <u>**NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. STAT. (2006)**</u>

> IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

> IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

13.    **Assignment of Judgment.** This Final Judgment of Foreclosure is freely assignable by MUNB, and the Clerk of Court is directed to accept and act on assignment documents proffered to the Clerk by MUNB or its agents, attorneys, representatives or successors in interest without further order of the Court.

14.    **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

18739121.1                                      4

**DONE AND ORDERED** in Chambers in Collier County, Florida this 23 rd day of
September, 2011.

_____
Honorable Ramiro Mañalich
CIRCUIT COURT JUDGE

Copies furnished to:  Counsel of Record

9-30-11
M ~Carton Fields, PA

~Coleman Yovanovich & Koester PA

## **EXHIBIT B**

### **NOTICE OF SALE**

BTM:486845v1

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

GENERAL CIVIL DIVISION

MUNB LOAN HOLDINGS, LLC, a Foreign
Limited Liability Company, as successor in
interest to Mellon United National Bank,

CASE NO.: 2011-1406-CA

               Plaintiff,

    vs.

WALLACE L. LEWIS, JR., individually, and
MARIAN HOLLY LEWIS GERACE a/k/a
Marian H. Lewis, individually,

               Defendants.

_____/

## NOTICE OF SALE PURSUANT TO CHAPTER 45, FLORIDA STATUTES

NOTICE IS HEREBY PROVIDED that, in accordance with the Final Judgment of Foreclosure in the above-styled cause, the Clerk of Court will sell to the highest and best bidder for cash at the Collier County Courthouse Annex – 1st Floor Atrium, on _February 22, 2012_, ~~2011,~~ located at 3315 Tamiami Trail East, Naples, Florida 34112 at _11:00_ a.m., after having first given notice as required by Section 45.031, Florida Statutes, in the Gulf Coast Business Review, the property described as:

### Legal Description of Real Property:

The West ½ of Section 36, Township 49 South, Range 26 East, Less and Except the land South of the Northerly Right of Way of Access Road No. 1, according to Road Book 3, Page 8, of the Public Records of Collier County, Florida.

### Description of Personal Property:

All structures and improvements now and hereafter located on the property legally. described above and made a part hereof, the rents, issues and profits thereof, all furniture, furnishings, fixtures and equipment now located on the thereon, and also all gas and electric fixtures, heaters, air conditioning equipment, machinery, motors, bath tubs, sinks, water closets, water basins, pipes, faucets, and other plumbing and heating fixtures, refrigerator equipment, venetian blinds, which are now or may hereafter pertain to or be used with, in or on said premises, and which, even though they are detached or detachable, are and shall be deemed to be fixtures and accessions to the freehold and a part of the realty, and all

additions thereto and replacements thereof (which real property, improvements and personalty are hereinafter collectively called the "Property"); all present or future deposits, accounts, security deposits, contracts, contract rights, instruments, permits, licenses, chases-in-action or other general intangible rights, of any nature whatsoever now or hereafter dealing with, affecting or Concerning the Property, any portion thereof or any interest therein, and now or hereafter existing, acquired or held by Debtor, and derived, arising from or relating to any operation, development, ownership or management of the Property or businesses or concessions conducted on the Property, including, without limitation: (i) any agreements for the provision of utilities to all or any portion of the Property, (ii) all deposits for the use of all or any portion of the Property, (iii) all revenue arising from, growing out of, or in connection with the use and/or occupancy of the Property, and all products and proceeds of the foregoing, (iv) all of Debtor's right, title and interest in and to all deposit accounts maintained with Secured Party or any affiliate of Secured Party, and (v) all other items of personal property used or useful in connection with the operation of the Property, together with all accessories, parts, equipment and accessions now attached to or used in connection therewith or which may hereafter at any time be placed in or added to the Property, and also any and all replacements of any such property.

ANY PERSON CLAIMING AN INTEREST IN THE SURPLUS FROM THE SALE, IF ANY, OTHER THAN THE PROPERTY OWNER AS OF THE DATE OF THE LIS PENDENS MUST FILE A CLAIM WITHIN 60 DAYS AFTER THE SALE.

Dated: December 31ST, 2011.

DWIGHT E. BROCK
Clerk of Court

By: _Patricia Murphy_
As Deputy Clerk

Adrian K. Felix, Esq.
CARLTON FIELDS, P.A.
100 SE Second Street, Suite 4200
Miami, Florida 33130
Telephone:   305.530.0050
Fax:         305.530.0055
Attorneys for Plaintiff

Copies furnished to:  All Counsel/Parties of Record

per
12/22/11   Carlton Fields P.A.
           Law Office of Lowell J. Kuvin, LLC
           Coleman Yovanovich + Koester, P.A.

20212868.1                           Page 2 of 2

**<u>EXHIBIT C</u>**

**SUMMARY PAGE OF APPRAISAL**



# ARMALAVAGE & ASSOCIATES, INC.

Real Estate Appraisers, Market Analysts & Consultants

2240 Venetian Court
Naples, Florida 34109

Phone: (239) 514-4646
Fax:   (239) 514-4647

**RECEIVED**

APR 2 6 2011

**APPRAISAL DIVISION**

April 15, 2011

Mr. Jerry Papinchak
Bank of New York Mellon
One Mellon Bank Center, Suite 3600
Pittsburgh, PA 15258

RE:   **SELF-CONTAINED APPRAISAL REPORT OF 305.6+/- ACRES ZONED AGRICULTURAL AND
DESIGNATED FOR RURAL-INDUSTRIAL USES, IN UNINCORPORATED SOUTHEAST NAPLES,
COLLIER COUNTY, FLORIDA**

Dear Mr. Papinchak:

In accordance with your request, we have personally observed the above captioned property located just east
of White Lake Corporate Square, with access along the north side of White Lake Boulevard Extension (aka
Washburn Avenue) and the east side of Shearwater Street, in Unincorporated Collier County (SE Naples,
FL). The subject contains 305.6+/- acres as identified on the boundary survey. The subject property is
comprised of one strap number, which is identified in the attached report. Pursuant to your request, the
purpose of our analysis was to estimate the following:

> *Estimate Market Value of the unencumbered Fee Simple interest in the subject property, in its
> "as is" condition, as of the effective date of appraisal or April 14, 2011.*

> *Estimate Liquidation Value of the unencumbered Fee Simple interest in the subject property, in
> its "as is" condition, as of the effective date of appraisal or April 14, 2011.*

Market value is defined as the most probable price, which the property should bring in a competitive and
open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently,
knowledgeably, and assuming the price is not affected by undue stimulus.

The site is currently unimproved, with natural vegetation. The current highest and best use is for interim
land investment speculation and future industrial use. The subject property is zoned A, Agricultural and is
designated for "Rural-Industrial" land uses.

The effective date of the subject valuation is April 14, 2011, which is the first date of site observation, and
the date of photographs. The assumptions and conclusions contained herein are based on economic
conditions and market performances existing as of effective date of valuation. The appraisal report was
prepared during April, 2011.

Mr. Papinchak
Page 2

*This self-contained appraisal assignment was not made, nor was the appraisal rendered on the basis of a requested minimum valuation, specific valuation, or an amount which would result in approval of a loan. To the best of our ability, the analysis, opinions and conclusions were developed and the report was prepared in accordance with the standards and report writing requirements of the Financial Institutions Reform Recovery and Enforcement Act (FIRREA); the Interagency Appraisal and Evaluation Guidelines effective 10/27/96; the Office of Thrift Supervision (OTS), Bank of New York Mellon, and is in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP) as implemented by the Appraisal Standards Board of The Appraisal Foundation.*

*A copy of the letter of engagement can be found in the addenda of this report. Bank of New York Mellon is the only intended users of this report. There are no other intended users. The attached study and analysis is subject to the various contingent conditions and assumptions made throughout the report. Acknowledgement of specific reference sources and documents relied upon during the preparation of this appraisal are located in the body of the report.*

As a result of our investigation and analysis, and subject to the underlying assumptions and contingent conditions contained in this report, it is our opinion and conclusion the estimated market value of the unencumbered fee simple interest in the subject property identified herein, is as follows:

| ESTIMATED MARKET VALUE " AS IS" | |
|---|---|
| Market Value of the unencumbered Fee Simple interest in the subject property, in its "as is" condition, as of the effective date of appraisal or April 14, 2011. | $8,000,000 |

| ESTIMATED LIQUIDATION VALUE " AS IS" | |
|---|---|
| Liquidation Value of the unencumbered Fee Simple interest in the subject property, in its "as is" condition, as of the effective date of appraisal or April 14, 2011. | $4,800,000 |

We hereby certify that we have no undisclosed interest in the subject property and our employment and compensation are not contingent upon our findings and valuation. We, Richard F. Pappalardo and Geri F. Armalavage, MAI, have physically observed the subject property. If you have any questions or comments concerning our findings, please feel free to contact us. We appreciate the opportunity to be of service. *This appraisal is not valid without the official "Seal" and Certification No. of Armalavage & Associates, Inc.*

Respectfully submitted,

ARMALAVAGE & ASSOCIATES, INC.

Richard F. Pappalardo
*State-Certified General R.E. Appraiser, RZ2965*

Geri F. Armalavage, MAI
*State-Certified General Real Estate Appraiser, RZ962*

## EXHIBIT D

## 2011 REAL ESTATE TAX ROLL

**2011**
Real Estate

Parcel ID:  00298480005   Millage Area: 0287   Use Code:  60
Situs Address:
Legal Description: 36 49 26 BEG NW CNR SEC 36 E
2647.82DT, S 5089.75FT, NWLY
ALG ARC OF CUR CONC TO NE

LEWIS JR, WALLACE L
MARIAN H LEWIS GERACE
6120 SW 74TH AVE
MIAMI, FL  33143-1720

### SUMMARY OF YOUR PROPERTY VALUATION

| Market Value | 2010 | 2011 | |
|---|---|---|---|
| | 10,554,250 | 7,538,750 | If you feel that the market value of your property is inaccurate or does not reflect fair market value, or if you are entitled to an exemption or classification that is not reflected below, contact your county property appraiser at: (239) 252-8141 |

If the Property Appraiser's Office is unable to resolve the matter as to the market value, classification, or an exemption, you may file a petition for adjustment with the Value Adjustment Board.  Petition forms are available from the County Property Appraiser and must be filed on or before: 5 PM September 16, 2011

| Taxing Authorities | Assessed Value | | Exemptions | | Taxable Value | |
|---|---|---|---|---|---|---|
| | Last Year | This Year | Last Year | This Year | Last Year | This Year |
| County | 33,182 | 33,182 | 0 | 0 | 33,182 | 33,182 |
| Public Schools | 33,182 | 33,182 | 0 | 0 | 33,182 | 33,182 |
| Municipality | 0 | 0 | 0 | 0 | 0 | 0 |
| South Florida Water Mgt District | 33,182 | 33,182 | 0 | 0 | 33,182 | 33,182 |
| Independent Special Districts | 33,182 | 33,182 | 0 | 0 | 33,182 | 33,182 |

| Assessment Reductions | Applies To | Amount | | Exemptions | Applies To | Amount |
|---|---|---|---|---|---|---|
| Save Our Homes Benefit | All Taxes | 0 | | First Homestead | All Taxes | 0 |
| 10% Non-Homestead Cap | Non-School Taxes | 0 | | Additional Homestead | Non-School Taxes | 0 |
| Agricultural Classification | All Taxes | 7,505,568 | | Limited Income Senior | County Taxes | 0 |
| Working Waterfront | All Taxes | 0 | | Limited Income Senior | City Taxes | 0 |
| Other | All Taxes | 0 | | Blind, Widow, Disabled, Other | All Taxes | 0 |

### NOTICE OF PROPOSED AD VALOREM ASSESSMENTS

| | TAXING AUTHORITIES | COLUMN 1* | | COLUMN 2* | | COLUMN 3* | | PUBLIC HEARING INFORMATION A public hearing on the proposed taxes And budget will be held on: | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Your Property Taxes Last Year | Last Year's Actual Tax Rate | Your Taxes This Year IF NO Budget Change Is Adopted | Your Tax Rate This Year IF NO Budget Change Is Adopted | Your Taxes This Year if PROPOSED Budget is Adopted | This Year's PROPOSED Tax Rate | *Location Number | Date | Time |
| ID | Name | | | | | | | | | |
| A | County: | | | | | | | | | |
| | GENERAL FUND | $122.59 | 3.6946 | $129.86 | 3.9136 | $124.85 | 3.7626 | 1 | 09/08/2011 | 05:05 PM |
| | MSTU: | | | | | | | | | |
| | UNINCORP GEN - MSTD | $23.76 | 0.7161 | $25.28 | 0.7618 | $23.76 | 0.7161 | 1 | 09/08/2011 | 05:05 PM |
| | VOTER DEBT: | | | | | | | | | |
| | CONSERVATION COLLIER DEBT | $4.95 | 0.1492 | $5.25 | 0.1583 | $2.69 | 0.0812 | 1 | 09/08/2011 | 05:05 PM |
| B | Public Schools: | | | | | | | | | |
| | SCHOOL BOARD - STATE LAW | $114.51 | 3.4510 | $121.27 | 3.6546 | $108.80 | 3.2790 | 2 | 09/06/2011 | 06:15 PM |
| | SCHOOL BOARD - LOCAL BOARD | $74.59 | 2.2480 | $78.99 | 2.3806 | $74.59 | 2.2480 | 2 | 09/06/2011 | 06:15 PM |
| D | South Florida Water Mgt District: | | | | | | | | | |
| | WATER MAN/BIG CYPRESS BASIN | $15.98 | 0.4814 | $16.62 | 0.5008 | $11.34 | 0.3418 | 6 | 09/08/2011 | 05:15 PM |
| E | Independent Districts: | | | | | | | | | |
| | COLLIER MOSQUITO CONTROL | $2.74 | 0.0826 | $2.91 | 0.0876 | $3.10 | 0.0934 | 7 | 09/07/2011 | 05:01 PM |
| | GOLDEN GATE FIRE - INDEP. | $49.77 | 1.5000 | $55.32 | 1.6671 | $49.77 | 1.5000 | 10 | 09/14/2011 | 07:00 PM |
| | Total Property Taxes | $408.89 | 12.3229 | $435.50 | 13.1244 | $398.90 | 12.0221 | * See Reverse Side For Explanation | | |

* 0 0 2 9 8 4 8 0 0 0 5 *

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 11-51536 |
| WALLACE L. LEWIS, JR., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

## NOTICE OF OPPORTUNITY FOR HEARING
## (NO PROTEST)

   **TAKE NOTICE** that MUNB Loan Holdings, LLC ("MUNB"), as successor-in-interest to Mellon United National Bank, has filed a Motion for Relief from Stay ("Motion").

   **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

   If you do not want the Court to order the relief sought in the motion, or if you want the Court to consider your views on the motion, then on or before **fourteen (14) days** from the date of this Notice, you or your attorney must do three (3) things:

   1.   **File with the Court a written response <u>requesting that the Court hold a hearing</u>** and explaining your position.  **File the response at:**

> U.S. Bankruptcy Court
> Post Office Box 34189
> Charlotte , NC 28234-4189

   If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

   2.   **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

> Ashley S. Rusher, Esq.
> P.O. Box 25008
> Winston-Salem, North Carolina  27114

BTM:486860v1

3.    **Attend the hearing scheduled for March 16, 2012, at 10:30 a.m.,** Johnson J. Hayes Federal Building, 207 West Main Street, Wilkesboro, North Carolina.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: February 20th, 2012.

Ashley S. Rusher, NCSB #14296
*Attorney for MUNB Loan Holding, LLC*

**OF COUNSEL:**
BLANCO TACKABERY
& MATAMOROS, P.A.
P. O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
E-mail: asr@blancolaw.com

BTM:486860v1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 11-51536 |
| WALLACE L. LEWIS, JR., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

---

### CERTIFICATE OF SERVICE

---

The undersigned does hereby certify that she has this date served a copy of **MUNB LOAN HOLDING, LLC'S MOTION FOR RELIEF FROM STAY and NOTICE OF OPPORUNITY FOR HEARING (NO PROTEST)** by placing said copies in a first-class mail envelope, postage prepaid, and depositing same with the United States Postal Service, addressed to the parties below:

Wallace Leon Lewis, Jr.
535 new Farm Road
Banner Elk, NC  28604

Frank D. Chantayan
CARLTON FIELDS
CityPlace Tower
525 Okeechobee Blvd., Ste. 1200
West Palm Beach, FL  33401-6350

Robert P. Laney
MCELWEE FIRM, PLLC
906 Main Street
North Wilkesboro, NC  28659

Linda Simpson
Bankruptcy Administrator
P.O. Box 34189
Charlotte, NC  28234

This the 20th day of February, 2012.

_Ashley S. Rusher, NCSB #14296_
_Attorney for MUNB Loan Holding, LLC_

**OF COUNSEL:**
BLANCO TACKABERY
& MATAMOROS, P.A.
P. O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
E-mail: asr@blancolaw.com

BTM:486845v1