# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# WILKESBORO DIVISION

| | |
|---|---|
| **IN RE**: | ) Case No.: 11-51536 |
| | ) Chapter 11 |
| Wallace Leon Lewis, Jr., | ) **RESPONSE to MUNB's MOTION** |
| Debtor | ) **for RELIEF from STAY** |
| _____ | ) |

    **NOW COMES** the undersigned Debtor-in-Possession and objects to the creditor MUNB's Motion for Relief from Stay. The debtor requests pursuant to 11 USC 362(e)(2)(B)(ii) that the 60 day period and be extended and the stay be continued in effect until the final hearing on this matter. In support of this objection, the debtor shows the Court:

1. Admitted the filing of the Florida land foreclosure against Wally Lewis and the land co-owner, his sister Marian Lewis Gerace in May 2011.

2. Admitted the foreclosure judgment was entered in September 2011 with the sale date set for December 28, 2011.

3. Admitted the debtor filed a Chapter 11 bankruptcy on December 21, 2011.

4. Admitted the Florida state court entered an Order on December 20, 2011, to consider the application of an intervention filed by Ross Wayland and re-setting the sale date for February 22, 2012.

5. Admitted the 2006 loan from MUNB to the debtor for $4,000,000 which was later increased to $11,000,000.

6. Admitted the promissory notes and the first mortgage lien on the land in Florida.

7. Admitted the 2009 assignment of the loan from Mellon to MUNB.

8. Admitted the debtor failed to make payments when the loan matured in June 2010.

9. Admitted the MUNB foreclosure filed against the debtor and Gerace.

10. Admitted the Florida law on foreclosure proceedings determines the validity of the lien.

11. The debtor does not have the information referred to about the Florida law merger of the note and mortgage into the judgment and the same is therefore neither admitted nor denied.

12. The debtor does not have the information referred to about the Florida law merger of the note and mortgage into the judgment and the same is therefore neither admitted nor denied.

13. Admitted the debt of $11,892,593 with a *per diem* in 2011 of $1,954 and a *per diem* in 2012 of $1,543.

14. The debtor does not have the information referred to about the Bank's appraisal at $8,000,000 or the Collier County appraisal at $7,538,750; thus the same are therefore neither admitted nor denied. Denied that the land value is either figure.

15. Denied that the debtor lists the land value on Schedule A as $8,000,000. Schedule A shows that the land is co-owned by the debtor's sister Miriam Lewis Gerace. The $8,000,000 listed is the debtor's interest, which is half the value. A correct reading of Schedule A shows that the full value of the property is $16,000,000.

16. Denied that the debtor has no equity in the property. The debtor's Schedule A shows he has a little over $4,000,000 equity in the property. His Schedule G shows the debtor has a written, signed contract to sell the property to WSR Environmental, LLC, at the price of $16,000,000. The projected sale closing date in the contract is 30 days after the inspection closing date of May 31, 2012, which is June 30, 2012; or when re-zoning is accomplished, whichever is later. A copy of the Agreement to Purchase and the Amendment to Purchase Agreement are attached as **Exhibits 1 and 2**. A ready, willing and present buyer is the best evidence of the value of property.

17. Denied that the movant is entitled to relief from stay. (i) Movant's interest in the property is adequately protected by the debtor's large equity cushion. (ii) The debtor has $4,000,000 million equity in the property. (iii) The property is necessary for an effective reorganization, since the property's sale and payment of nearly all the debts from the proceeds is the central component of the prospective Plan. If relief from stay in granted, then no secured, priority or unsecured creditors will be paid, except for the movant.

18. Denied that the movant is entitled to relief from stay. The debtor has over $4,000,000 equity in the property. Denied the debtor is in bad faith. Other than the movant's allegation, there is no evidence of the debtor's bad faith. The bank was kept continuously apprised of the buyer's due diligence during the fall of 2011. The bank agreed to postpone the foreclosure sale so long as the land sale was progressing. The bank declined to accept an adequate protection payment from the buyer approximately equal to the accruing interest. Then in late December 2011 the bank refused to continue the December 28 sale date.

19. Admitted the debtor's property and the creditor's collateral is 305 acres of unimproved land in Florida, with no tenant or leasee, and with no income. Denied that there is any evidence of the future decline in the Florida real estate market.

20. Admitted that the debtor has not and cannot make interest payments. Admitted the debtor has not made principal payments since the default in 2010.

21. Admitted the property was scheduled for sale on December 28, 2011. Denied that filing the bankruptcy a week pre-foreclosure sale was bad faith. Filing bankruptcy to stop repossessions, foreclosures and other judicial actions is a time-honored tradition in the bankruptcy court. If there were no such bankruptcy filings then this Court would have little business to conduct.

22. Denied that there is cause to grant relief from stay, denied that movant lacks adequate protection and denied that the debtor did not act in good faith.

23. Denied that the debtor does not have equity in the property and denied that the property is not necessary for reorganization. The debtor has a written, signed contract to sell the property for $4,000,000 more than the movant's debt.

24. Denied that the proper value is shown by the bank's appraiser at $8,000,000; and denied that the proper value is shown by the Collier County's tax appraisal at $7,538,750; and denied that Schedule A shows a value of $8,000,000.

25. Admitted the property has no tenant or leasee and generates no current income. Denied the property is not necessary for reorganization. The sale of the property and payments of most of the debts is the basis for the Plan. Admitted the sale is contingent on rezoning. Denied that the rezoning could take a year or longer; the debtor represents that the latest time to complete rezoning would be September 2012. Denied that the debtor has unsuccessfully attempted to sell the property, as proven by the signed contract in hand.

26. Denied that the movant should not wait while the debtor completes its reorganization. That delay is the purpose of a Chapter 11 plan. 11 USC 1123 (b)(4) provides that the sale of secured property is a valid plan component.

27. Denied that relief from stay is appropriate; the movant has a $4,000,000 equity cushion for adequate protection; the debtor filed bankruptcy in good faith; and the property is necessary for reorganization.

28. The debtor will Supplement this Response with additional information when it is available, prior to the Court hearing, including:

- The debtor's / seller's appraisal of the land, expected by March 31, 2012, from Ray Carroll, commercial appraiser, Naples, FL.
- The buyer's business background and wherewithal to consummate this contract.
- The buyer's due diligence progress including obtaining re-zoning.
- The Florida foreclosure negotiations, communication and status at the time of the bankruptcy filing.

Wherefore, the debtor-in-possession requests that the Court deny the motion for relief from stay.

This the 28 day of February, 2012.

/s/Robert P. Laney_____
Robert P. Laney
N. C. State Bar No. 7850
Attorney for Debtor-in-Possession

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this Response to Motion for Relief from Stay in the above-entitled action by depositing a copy of it in a postpaid envelope to the United States Post Office, properly addressed to the party or attorney as follows:

Linda Simpson, Administrator
US Bankruptcy Court
402 West Trade Street, Suite 200
Charlotte, NC  28202

Wallace Lewis, Jr.
535 New Farm Road
Banner Elk, NC 28604

Ashley Rusher, attorney for MUNB
Blanco Tackabery & Matamoros, P.A.
P.O. Drawer 25008
Winston-Salem, NC  27114

This is the 28 day of February, 2012.

/s/Robert P. Laney_____
Robert P. Laney
N. C. State Bar No. 7850
Attorney for Debtor-in-Possession

McELWEE FIRM, PLLC
906 Main Street
North Wilkesboro, NC  28659
Telephone:   (336) 838-1111
Facsimile:   (336) 838-5069
E-mail:      BLaney@mcelweefirm.com